# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

JANE DOE, et al.,
  Plaintiffs-Appellees,

v.

PAMELA BONDI, in her official capacity as Attorney General
of the United States, et al.,
  Defendants-Appellants.

JANE JONES, et al.,
  Plaintiffs-Appellees,

v.

PAMELA BONDI, in her official capacity as Attorney General
of the United States, et al.,
  Defendants-Appellants.

MARIA MOE,
  Plaintiff-Appellee,

v.

DONALD J. TRUMP, in his official capacity as President
of the United States, et al.,
  Defendants-Appellants.

On Appeal from the United States District Court
for the District of Columbia

## SUPPLEMENTAL BRIEF FOR APPELLANTS

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
MCKAYE L. NEUMEISTER
BENJAMIN HAYES
  *Attorneys*
  *Civil Division, Room 7231*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-8100*

## TABLE OF CONTENTS

**Page**

GLOSSARY

TABLE OF AUTHORITIES ........................................................................... iii

INTRODUCTION AND SUMMARY ............................................................. 1

STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................... 3

I. The PLRA Does Not Bar District Courts From Entering Multiple Preliminary Injunctions. ................................................................... 3

II. In Any Event, Section 3626(a)(2) Does Not Affect the Court's Jurisdiction Over This Appeal. ......................................................... 9

CONCLUSION ............................................................................................... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Alloway v. Hodge,*
　72 F. App'x 812 (10th Cir. 2003) ............................................................... 6

*Edmo v. Corizon, Inc.,*
　935 F.3d 757 (9th Cir. 2019) ..................................................................... 5

*Georgia Advocacy Office v. Jackson,*
　4 F.4th 1200 (11th Cir. 2021),
　*vacated,* 33 F.4th 1325 (11th Cir. 2022) ............................................ 6, 7, 8

*Mayweathers v. Newland,*
　258 F.3d 930 (9th Cir. 2001) .................................................................. 5, 6

*Melendez v. Secretary, Fla. Dep't of Corr.,*
　No. 21-13455, 2022 WL 1124753 (11th Cir. Apr. 15, 2022) .................... 8

*Miller v. French,*
　530 U.S. 327 (2000) ................................................................................... 4

*MOAC Mall Holdings LLC v. Transform Holdco LLC,*
　598 U.S. 288 (2023) .............................................................................. 9, 10

*Monroe v. Bowman,*
　122 F.4th 688 (7th Cir. 2024) .............................................................. 6, 10

*Scarborough v. Principi,*
　541 U.S. 401 (2004) .................................................................................. 10

*Smith v. Edwards,*
　88 F.4th 1119 (5th Cir. 2023) ..................................................................... 5

*United States v. Secretary, Fla. Dep't of Corr.,*
　778 F.3d 1223 (11th Cir. 2015) ............................................................... 7, 8

*Voice of the Experienced v. LeBlanc,*
　No. 25-30322, 2025 WL 2481382 (5th Cir. Aug. 28, 2025) ..................... 5

*Voice of the Experienced v. Westcott,*
　No. 24-30420, 2025 WL 2222990 (5th Cir. Aug. 5, 2025) ....................... 5

**Statutes:**

1 U.S.C. § 1 .................................................................................... 3

18 U.S.C. § 3626(a) ....................................................................... 9

18 U.S.C. § 3626(a)(2) .................................................. 1, 2, 3, 7, 9, 10, 11

**Legislative Materials:**

H.R. Rep. No. 104-378 (Dec. 1, 1995) ......................................... 1, 3

# GLOSSARY

| | |
|---|---|
| JA | Joint Appendix |
| PI | Preliminary Injunction |
| PLRA | Prison Litigation Reform Act |

## INTRODUCTION AND SUMMARY

The government submits this supplemental brief pursuant to the Court's Order directing the parties to address: (1) "whether, under 18 U.S.C. § 3626(a)(2), the district court had power to renew its preliminary injunctions"; and (2) "whether, and if so how, the answer to the first question affects this court's jurisdiction over this appeal." Suppl. Br. Order (Sept. 10, 2025). As explained below, the Prison Litigation Reform Act does not bar the district court from issuing renewed preliminary injunctions (PIs). And even if the statute were interpreted to impose such a restriction, it would not deprive the Court of jurisdiction over this appeal.

## STATEMENT

**A.** The purpose of the Prison Litigation Reform Act (PLRA) is "to limit the remedies for prison condition lawsuits and discourage frivolous and abusive prison lawsuits." H.R. Rep. No. 104-378, at 166 (Dec. 1, 1995) (conf. rep.). The PLRA provides in relevant part:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B)

in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2).

**B.** The district court issued orders granting plaintiffs' motions for preliminary injunctions in these cases on February 18, February 24, March 3, March 10, and March 19. JA168-69; JA185-88; JA240-43; JA333-34; JA445-49; JA569-71. Those original PI orders automatically expired after 90 days. *See* 18 U.S.C. § 3626(a)(2). Plaintiffs moved the court in each case to "enter a new preliminary injunction for an additional ninety (90) days" with the same scope as the original PI orders. *Doe*, Dkt. 81-1, at 1; *Jones*, Dkt. 68-1, at 1; *Moe*, Dkt. 83, at 1. The government did not oppose those motions. The district court granted the motions, relying on its prior holdings in issuing new preliminary injunctions with the same scope. JA954-56; JA957-59; JA960-62.

After 90 days, those new PI orders also automatically expired. Plaintiffs again filed unopposed motions in each case requesting entry of a "new preliminary injunction." *Doe*, Dkt. 87-1, at 1-2; *Jones*, Dkt. 73-1, at 1; *Moe*, Dkt. 88-1, at 1. And the court again granted those motions and issued new PI orders with the same scope as the originals. JA1003-09.

The government timely appealed from each of the new PI orders. Those new appeals were consolidated with the original appeals and proceeded under the existing briefing and argument schedule.

**ARGUMENT**

**I. The PLRA Does Not Bar District Courts From Entering Multiple Preliminary Injunctions.**

**A.** The PLRA provides that "[i]n any civil action with respect to prison conditions," any "[p]reliminary injunctive relief" granted by a court "shall automatically expire on the date that is 90 days after its entry." 18 U.S.C. § 3626(a)(2). Nothing in the statutory text bars the entry of a new order granting further preliminary-injunctive relief in the same case. Rather, the text provides that courts "may enter a temporary restraining order or an order for preliminary injunctive relief" "to the extent otherwise authorized by law." *Id.* And the default interpretive principle is that federal statutes referencing a singular item—*i.e.*, "an order"—are understood to encompass the plural. *See* 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise--words importing the singular include and apply to several persons, parties, or things ....").

Interpreting § 3626(a)(2) to permit the entry of new PI orders following the expiration of initial preliminary-injunctive relief is also consistent with the purpose of the PLRA. *See* H.R. Rep. No. 104-378, at 166.

The statute restricts the preliminary relief available to inmates by causing that relief to automatically expire after 90 days and requiring inmates to affirmatively seek and bear the burden of demonstrating entitlement to any new preliminary injunction. Allowing courts to enter new PIs after the expiration of the initial one avoids the heightened litigation burdens that would be imposed on the parties and the courts if prison-condition disputes regularly had to be litigated on a highly expedited basis in order to achieve final judgment before the initial PI expired.

As the Supreme Court has recognized, statutes should not be "construe[d] … to displace courts' traditional equitable authority absent the 'clearest command,' or an 'inescapable inference' to the contrary." *Miller v. French*, 530 U.S. 327, 340 (2000) (citation modified). Because "Congress' intent to remove such discretion is [not] unmistakable" in the statutory provision at issue, *id.* at 341, district courts retain the authority to enter preliminary injunctions where circumstances warrant such relief, notwithstanding the expiration of an earlier PI under § 3626(a)(2).

**B.** Accordingly, a number of circuits have correctly recognized that district courts can enter new PIs after an initial PI expires under the PLRA.

In *Mayweathers v. Newland*, for example, the Ninth Circuit explained that it does not "violate the terms of the statute by entering [a] second

4

injunction after the first one expired," because "[n]othing in the statute limits the number of times a court may enter preliminary relief." 258 F.3d 930, 936 (9th Cir. 2001). Rather, § 3626(a)(2) "simply imposes a burden on plaintiffs to continue to prove that preliminary relief is warranted." 258 F.3d at 936. The Ninth Circuit has subsequently reaffirmed that "district courts may renew preliminary injunctions under the PLRA while an appeal is pending," such that the court of appeals may "conside[r] the merits of the renewed injunction." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 784 n.12 (9th Cir. 2019) (per curiam) (citing *Mayweathers*, 258 F.3d at 935-36).

The Fifth Circuit has also recognized that § 3626(a)(2) does not bar plaintiffs from seeking new preliminary injunctions when one automatically expires. *See Smith v. Edwards*, 88 F.4th 1119, 1125-26 (5th Cir. 2023); *Voice of the Experienced v. Westcott*, No. 24-30420, 2025 WL 2222990, at *4 (5th Cir. Aug. 5, 2025) (per curiam) (vacating expired PI order to "clear the path for future relitigation between the parties on issues such as ... other preliminary relief" (citation modified)); *Voice of the Experienced v. LeBlanc*, No. 25-30322, 2025 WL 2481382, at *4 (5th Cir. Aug. 28, 2025) (per curiam) (vacating second expired PI order for same reason and noting that appeal from new unexpired PI was already pending).

Similarly, in vacating PI orders that had expired, the Seventh Circuit has explained that "[i]f plaintiffs believe … that defendants have been continuing to violate their Eighth Amendment rights, they may ask the district court for a new injunction, preliminary or permanent." *Monroe v. Bowman*, 122 F.4th 688, 697 (7th Cir. 2024) (citing *Mayweathers*, 258 F.3d at 936). And the Tenth Circuit has recognized that a plaintiff can "effectively rene[w]" a PI motion, and a district court can "ente[r] a new injunction, fully compliant with the PLRA," following the expiration of an initial PI order. *Alloway v. Hodge*, 72 F. App'x 812, 817 (10th Cir. 2003) (citing *Mayweathers*, 258 F.3d at 936).

**C.** The subsequently vacated *Georgia Advocacy Office v. Jackson*, 4 F.4th 1200 (11th Cir. 2021), *vacated*, 33 F.4th 1325 (11th Cir. 2022), is not to the contrary. There, the plaintiffs argued that PIs do not expire if the district court merely makes need-narrowness-intrusiveness findings. *Id.* at 1207. The Eleventh Circuit disagreed, explaining that the only way to avoid expiration is to convert a PI into a permanent injunction. *Id.* at 1211-15. Because the PI at issue in that case had not been so converted, it had expired by operation of law after 90 days and the appeal from that PI was moot. *Id.* at 1215-16.

*Georgia Advocacy Office* did not call into question the practice of issuing multiple successive PIs, which numerous other circuits have either explicitly or implicitly approved. Although the Eleventh Circuit stated that under the PLRA framework "entitlement to a permanent injunction is typically ascertained within 90 days," 4 F.4th at 1211, it did not hold that a district court could not issue new PIs following the expiration of earlier relief. To the contrary, the Eleventh Circuit expressly acknowledged the possibility that "the district court might enter another preliminary injunction." *Id.* at 1216 (discussing capable-of-repetition-yet-evading-review exception to mootness).

Other cases underscore that the Eleventh Circuit has not held that 18 U.S.C. § 3626(a)(2) bars the entry of multiple PIs in the same litigation. In *United States v. Secretary, Florida Department of Corrections*, 778 F.3d 1223 (11th Cir. 2015), a decision cited in *Georgia Advocacy Office*, the defendant had argued that the case was not moot because an expired PI had been renewed. The Eleventh Circuit disagreed, explaining that the PI order had merely been clarified, not renewed, *id.* at 1228 n.9 ("Clarification is not renewal."), but the court never suggested that renewal was unavailable. On the contrary, the court's mootness analysis acknowledged that PIs *could* properly be renewed. Indeed, the court explained that "[t]he issues

7

underlying the [expired] preliminary injunction … are capable of repetition" because the plaintiff could "see[k] a new preliminary injunction." *Id.* at 1229.

The Eleventh Circuit took a similar approach in a subsequent, unpublished decision citing *Georgia Advocacy Office*. In *Melendez v. Secretary, Florida Department of Corrections*, No. 21-13455, 2022 WL 1124753 (11th Cir. Apr. 15, 2022) (per curiam), the court considered a consolidated appeal challenging two successive PI orders, observing that the initial PI order had expired, and so the appeal from that PI order was moot. *Id.* at *8-9 (citing *Georgia Advocacy Office*, 4 F.4th at 1215-16). The court concluded that "the issues that Defendants raise as to the first preliminary injunction, even if capable of repetition, are not 'evading review,'" because the court was proceeding to "address … the merits of Defendants' arguments against the second preliminary injunction." *Id.* at *9. It would not have been permissible for the *Melendez* court to affirm the second PI order on the merits if the Eleventh Circuit had held in *Georgia Advocacy Office* that district courts cannot issue successive preliminary injunctions under § 3626(a)(2). This Court should not be the first to break from the consensus view that courts may properly issue successive PIs under the PLRA, as the district court did here.

## II. In Any Event, Section 3626(a)(2) Does Not Affect the Court's Jurisdiction Over This Appeal.

Even if the Court were to read the PLRA to implicitly prohibit the entry of renewed PIs, such a restriction should not be considered jurisdictional. Because the government does not contest the entry of renewed PIs in this case, 18 U.S.C. § 3626(a)(2) does not prevent the Court from addressing the merits of the PIs at issue.

**A.** The Supreme Court has made clear that a rule is jurisdictional if it "pertain[s] to the power of the court rather than to the rights or obligations of the parties," and Congress "clearly states" that it is jurisdictional. *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (quotation marks omitted). Because any bar on multiple PIs in § 3626(a)(2) would be implied, it is unsurprising that the PLRA contains no clear statement indicating that such a restriction is jurisdictional.

Section 3626(a)(2) pertains to the rights and obligations of plaintiffs in challenging prison conditions by setting requirements for, and placing a limitation on, the nature of preliminary-injunctive relief to which a plaintiff might be entitled. *See* 18 U.S.C. § 3626(a) ("Requirements for relief."). Such restrictions on relief do not restrict a district court's jurisdiction. Rather, it is undisputed that when a PI automatically expires after 90 days under the

9

PLRA, the district court retains jurisdiction to adjudicate the merits of the claims at issue.

Where a statutory provision only "concerns a mode of relief" and a district court otherwise retains "plenary jurisdiction [over] the civil action in which the [request for relief] is made," the Supreme Court has held that the provision is not jurisdictional. *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) (citation modified) (holding that timing and content requirements for attorney's fees application under the Equal Access to Justice Act were not jurisdictional because they "relat[e] only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority"). That principle applies with equal force here.

**B.** Because any implicit restriction in 18 U.S.C. § 3626(a)(2) on the entry of successive PIs is not jurisdictional, parties can waive any objection on this basis. *See MOAC Mall Holdings LLC*, 598 U.S. at 297; *cf. Monroe*, 122 F.4th at 696-97 (treating the 90-day expiration requirement in § 3626(a)(2) as if it were waivable but finding no waiver under the circumstances). The government has not contested the district court's entry of additional PIs in this litigation, and for good reason. The entry of renewed PIs while this Court considers plaintiffs' Eighth Amendment transfer claims is in the interest of judicial economy and will help preserve the parties' and

the district court's resources. Accordingly, if this Court rejects the government's other threshold reviewability arguments (*see* Opening Br. 26-33), it should reach the merits of the operative preliminary injunctions.

## CONCLUSION

For the foregoing reasons, 18 U.S.C. § 3626(a)(2) does not prevent the district court from entering multiple PIs or affect this Court's jurisdiction.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH

*/s/McKaye L. Neumeister*
MCKAYE L. NEUMEISTER
BENJAMIN HAYES
  *Attorneys*
  *Civil Division, Room 7231*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-8100*
  *McKaye.L.Neumeister@gmail.com*

September 2025

**CERTIFICATE OF COMPLIANCE**

This supplemental brief complies with the Court's Order of September 10, 2025, because it contains 2,281 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Georgia 14-point font, a proportionally spaced typeface.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

                                                     */s/ McKaye L. Neumeister*
                                                     McKaye L. Neumeister